IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gregory T. Christian, ) | |
| ) | Civil Action No. 6:16-1757-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND REPORT OF** |
| ) | **MAGISTRATE JUDGE** |
| City of Greenville, South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, who is proceeding *pro se,* alleges that his constitutional rights were violated when he was searched by officers of the City of Greenville Police Department. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

In his original complaint, the plaintiff named the City of Greenville as the only defendant. On June 22, 2016, the defendant filed a motion to dismiss the plaintiff's complaint based upon insufficient service of process and failure to state a claim (doc. 11). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately (doc. 14). Two days after the filing of the motion to dismiss, on June 24, 2016, the plaintiff filed a motion to amend his complaint to add Greenville Police Officer K.A. Payne as a defendant (doc. 18). Also on June 24, 2016, the plaintiff filed a motion for reissuance of summons as to the defendant City of Greenville (doc. 20). On July 5, 2016, the plaintiff mailed to the Clerk of Court an amended complaint that includes allegations against both defendant City of Greenville and proposed defendant Officer Payne.

Pursuant to Federal Rule of Civil procedure 15(a), a plaintiff may amend his pleading once a matter of course, meaning without the opposing party's consent or the

court's leave, within 21 days after serving the pleading or within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a). The plaintiff here filed his motion to amend within the required time period. Accordingly, he may file his amended complaint as a matter of course. While the proposed amended complaint was received by the Clerk's Office some ten days after the motion to amend was filed, it is still within the required 21 day period after the filing of the motion to dismiss.

A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see also Ohio River Vally Env. Coalition, Inc. v. Timmermeyer*, 77 F. App'x 468, 471 (4th Cir. 2003) (finding that once an amended pleading is interposed, the original complaint "no longer performs any function in the case"); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *McCoy v. City of Columbia*, C.A. No. 3:10-132-JFA-JRM, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot).

Based upon the foregoing, IT IS ORDERED that the plaintiff's motions to amend complaint (doc. 18) and for reissuance of summons (doc. 20) are granted. The Clerk of Court is directed to file the plaintiff's proposed amended complaint and to issue the summonses for the defendants. Furthermore, IT IS RECOMMENDED that the district court find the motion to dismiss of the defendant City of Greenville (doc. 11) is moot. Should the

district court adopt this recommendation, a new motion to dismiss is required should the defendants seek to challenge the amended complaint.

        IT IS SO ORDERED AND SO RECOMMENDED.


July 7, 2016                                  s/ Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).