IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gregory T. Christian,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Greenville, South Carolina,<br>and K.A. Payne, *Greenville Police Officer*,<br><br>      Defendants. | Civil Action No. 6:16-1757-TMC-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the motion to dismiss by defendant City of Greenville, South Carolina ("the City") (doc. 33) and the third motion to amend complaint by the plaintiff (doc. 49). The plaintiff, who is proceeding *pro se,* alleges that his constitutional rights were violated when he was searched by the City's police officers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

    In his original complaint, the plaintiff named the City of Greenville as the only defendant. On June 22, 2016, the defendant filed a motion to dismiss the plaintiff's complaint based upon insufficient service of process and failure to state a claim as the plaintiff failed to identify any policy or custom of the City that caused his rights to be violated (doc. 11). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately (doc. 14). Two days after the filing of the motion to dismiss, on June 24, 2016, the plaintiff filed a motion to amend his complaint to add Greenville Police Officer

K.A. Payne as a defendant (doc. 18). Also on June 24, 2016, the plaintiff filed a motion for reissuance of summons as to the defendant City (doc. 20). On July 5, 2016, the plaintiff mailed to the Clerk of Court an amended complaint that includes allegations against both the defendant City and proposed defendant Officer Payne (doc. 26).

On July 7, 2016, the undersigned issued an order granting the plaintiff's motions to amend and for reissuance of summons and a recommendation that the defendant City's motion to dismiss be rendered moot based upon the amended complaint (doc. 22). The Honorable Timothy M. Cain, United States District Judge, adopted the recommendation on July 28, 2016 (doc. 36).

On July 21, 2016, the defendant City filed a motion to dismiss the amended complaint for failure to state a claim, again based upon the plaintiff's failure to identify any policy or custom of the City that caused the deprivation of his rights (doc. 33). Pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was again advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately (doc. 34).

On August 16, 2016, the plaintiff filed a second motion to amend the amended complaint (doc. 38). In his motion (doc. 38) and proposed amended complaint (doc. 38-1), the plaintiff sought to add new paragraphs in which he expressed his disagreement with a report sent to him by the defendant City in which the individual police officers involved in the incident with the plaintiff were exonerated of any wrongdoing and in which the plaintiff's conduct is depicted as uncooperative. The defendant City filed a response in opposition to the motion on August 31, 2016, arguing that amendment of the complaint would be futile as the plaintiff failed to identify any policy, practice, or custom of the City that caused his rights to be violated (doc. 40). The plaintiff filed a reply on September 6th (doc. 42). On September 7, 2016, the undersigned issued an order denying the motion to amend (doc. 43). In that order, the undersigned noted that the plaintiff had not yet responded to the defendant City's motion to dismiss, and the plaintiff was given through September 16, 2016, to file his response (*id.*). The plaintiff filed his response in opposition to the defendant City's motion to dismiss on September 16th (doc. 46).

On September 22, 2016, the plaintiff filed a third motion to amend his complaint (doc. 49). The defendant City filed a response in opposition on October 10, 2016 (doc. 50).

Based upon the foregoing, the defendant City's motion to dismiss (doc. 33) and the plaintiff's third motion to amend (doc. 49) are now ripe for the court's consideration.

## PLAINTIFF'S ALLEGATIONS

In his amended complaint, the plaintiff alleges he was improperly searched by certain officers of the City of Greenville Police Department after he was accused by a property owner of stealing a ring from a yard sale (doc. 26). In particular, the plaintiff contends he was searched without probable cause in violation of the Fourth Amendment to the United States Constitution, and he seeks relief pursuant to 42 U.S.C. § 1983 (*id.*). The plaintiff does not allege the City maintained a policy or custom that led to his purported deprivation of rights and does not allege facts indicating the actions of the officers were the result any such policy or custom (*id.*).

The proposed amended complaint submitted by the plaintiff with his third motion to amend adds defendant Officer Payne to the body of the complaint in paragraph one (wherein he alleges an action arising under Section 1983) and in the closing section (wherein he alleges deprivation of a right under "color of authority" and seeks damages therefor) (doc. 49 at 3, 8). He again does not any such policy, practice, or custom of the City that caused his rights to be violated (*see generally id.*).

## APPLICABLE LAW AND ANALYSIS

*Plaintiff's Motion to Amend*

Federal Rule of Civil Procedure 15 states that, as pertinent here, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Amendments under Rule 15 are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile. *Jones v. Lexington County Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as

futile). If the proposed amended complaint fails to state a claim under Rule 12(b)(6), amendment would be futile, and denial of a motion to amend is appropriate. *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

The defendant City argues that the motion to amend should be denied as futile as the proposed amendments again do not allege any policy, custom, or practice by the City that resulted in the deprivation of the plaintiff's rights (doc. 50). However, the proposed amendments go to the allegations against defendant Payne, who, at the time the motion to amend was filed, had not yet appeared in this action.[1] Based upon the foregoing, the motion to amend (doc. 49) is granted.

***Defendant City's Motion to Dismiss***

As noted above, the defendant City's motion to dismiss was filed prior to the plaintiff's third motion to amend his complaint. "As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g., Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.") (citations omitted).

However, "if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading [because to] hold otherwise would be to exalt form over substance." 6

---

[1] Defendant Payne filed his answer to the first amended complaint on October 12, 2016 (doc. 53). He did not file any opposition to the pending motion to amend.

4

Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011).  For example, in *Monster Daddy LLC v. Monster Cable Prods., Inc.*, the court held that because the plaintiff repeatedly asserted that the defendant's amended answer remained deficient, it would defy logic and exalt form over substance to accept the defendant's contention that the motion to dismiss its counterclaims and affirmative defenses was moot after the defendant amended the answer. C.A. No. 6:10-1170-HMH, 2010 WL 4853661, at *3 (D.S.C. Nov. 23, 2010) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2010) (noting that a party "should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending")).

Similarly, here, the defendant City has repeatedly argued that the plaintiff's original complaint and amended complaint should be dismissed for failure to state a claim against it because the plaintiff has failed to allege any policy, custom, or practice of the City that caused his rights to be violated (*see* docs. 11, 33, 40).  To require the defendant City to file yet another motion to dismiss as to the plaintiff's second amended complaint would surely exalt form over substance as the changes made in the second amended complaint apply only to defendant Payne.  Accordingly, the court will consider the defendant City's motion to dismiss as being addressed to the plaintiff's second amended complaint.

The defendant City argues that the plaintiff's allegations against it fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The undersigned agrees.  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

A municipality cannot be held liable under § 1983 "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978) (emphasis in original). Rather, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999) (citation omitted). "The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999). "Instead, a 'plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision.'" *Id*. (quoting *Bd. of Cty, Comm'rs v. Brown*, 520 U.S. 397, 411 (1997)).

The plaintiff's allegations in the second amended complaint do not allege any such policy, practice, or custom. Moreover, the plaintiff has not alleged any facts indicating that the actions of the officers were a result of a particular written policy, practice, or custom of the City or the result of known, widespread conduct by City employees. Thus, the plaintiff fails to allege facts establishing the necessary affirmative link between the policy or custom and the violation of his rights. Therefore, the motion to dismiss the defendant City from this action should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, IT IS ORDERED that the plaintiff's third motion to amend (doc. 49) is granted. The plaintiff is directed to file a signed[2] copy of the second amended complaint (exactly as submitted in doc. 49 at 3-8) by October 28, 2016. Further, IT IS RECOMMENDED that the defendant City's motion to dismiss (doc. 33) be granted. Should the district court adopt this recommendation, the Clerk of Court is directed to then issue a scheduling order as the case will proceed against defendant Payne.

                                                            s/ Kevin F. McDonald
                                                            United States Magistrate Judge

October 18, 2016
Greenville, South Carolina

---

[2]The proposed amended complaint is not signed (*see* doc. 49 at 3-8).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).