IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gregory T. Christian, ) | |
| ) | Civil Action No.  6:16-1757-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| City of Greenville, South Carolina, ) | |
| and K.A. Payne, *Greenville Police* ) | |
| *Officer*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motion for default judgment as to defendant Payne (doc. 59).  The plaintiff, who is proceeding *pro se,* alleges that his constitutional rights were violated when he was searched by the defendant City of Greenville's police officers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

Federal Rule of Civil Procedure 55(a) provides that when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Rule 55(b) provides that a party must then apply to the court for a default judgment.  *Id.* 55(b).

In his motion filed on October 18, 2016, the plaintiff argues that defendant Payne "has yet to respond" to the amended complaint (doc. 59 at 1).  The plaintiff served defendant Payne with the amended complaint and summons on September 22, 2016 (doc. 59-1). According to Rule 12(a)(1)(A)(i), Payne had 21 days to serve an answer, giving him until October 13, 2016, to do so.  On October 12, 2016, Payne filed his answer with this court (doc. 53).  Included in the filing is a certificate of service showing that defendant

Payne served the plaintiff appropriately by mailing the answer to the plaintiff's last known address (*id.*).  *See* Fed. R. Civ. P. 5(b)(2)(C); Local Civ. Rule 5.05 (D.S.C.); *Electronic Case Filing Policies and Procedures District of South Carolina*, § 11.2.2 (May 12, 2006). Accordingly, the plaintiff's motion is meritless as defendant Payne timely filed and served his answer to the amended complaint.  Therefore, this motion (doc. 59) should be denied.

        IT IS SO RECOMMENDED.

                                          s/ Kevin F. McDonald
                                          United States Magistrate Judge

October 25, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).