IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory T. Christian, | ) | |
| | ) | Civil Action No. 6:16-1757-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| City of Greenville, South Carolina; | ) | |
| Greenville Police Officer K.A. Payne | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Gregory T. Christian, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court are the magistrate judge's Report and Recommendation ("First Report") (ECF No. 56), issued October 18, 2016, recommending that the court grant defendant City of Greenville's ("City") motion to dismiss amended complaint against City (ECF No. 33), the magistrate judge's Report and Recommendation ("Second Report") (ECF No. 63), issued October 25, 2016, recommending that the court deny Plaintiff's motion for default judgment against defendant Greenville Police Officer K.A. Payne ("Payne") (ECF No. 59), and Plaintiff's fourth motion to amend his complaint (ECF No. 86). The parties were advised of their right to file objections to the Reports. (ECF Nos. 56 at 8 and 63 at 3). On October 28, 2016, Plaintiff filed objections to the First Report (ECF No. 65) and objections to the Second Report (ECF No. 66).

The recommendations set forth in the Reports have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews*

*v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I.  BACKGROUND

The magistrate judge summarized the facts of this action in his First Report (ECF No. 56 at 1–3).  Briefly, in Plaintiff's second amended complaint, Plaintiff alleges that he was improperly searched by officers of the City of Greenville Police Department in violation of the Fourth Amendment to the United States Constitution after being accused by a property owner of stealing a ring at a yard sale. (ECF No. 73).  As noted above, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  *Id.*  In his original complaint, Plaintiff named City as the only defendant.  (ECF No. 1).  Subsequently, on June 24, 2016, Plaintiff moved to amend his complaint to add defendant Payne (ECF No. 18) and the magistrate judge granted Plaintiff's motion on July 7, 2016 (ECF No. 22).  The amended complaint (ECF No. 26) was served on Payne on September 22, 2016.  (ECF No. 59-1).

On July 21, 2016, defendant City filed a motion to dismiss for failure to state a claim based upon Plaintiff's failure to identify any policy or custom of the city that caused a deprivation of his rights.  (ECF No. 33).  On August 16, 2016, Plaintiff filed a motion to amend

the amended complaint (ECF No. 38) which the magistrate judge denied, noting that Plaintiff

had not yet responded to City's motion to dismiss (ECF No. 43).  On September 16, 2016,

Plaintiff filed his response in opposition to City's motion to dismiss.  (ECF No. 46).  Plaintiff

filed his third motion to amend his complaint on September 22, 2016 (ECF No. 49), to which

defendant City filed a response in opposition on October 10, 2016 (ECF No. 50).  The magistrate

judge granted Plaintiff's third motion to amend his complaint on October 18, 2016 (ECF No. 56)

and Plaintiff filed his Second Amended Complaint on October 28, 2016 (ECF No. 73).  Finally,

Plaintiff filed a fourth motion to amend his complaint on January 23, 2017.  (ECF No. 86).

Before the court are the magistrate judge's Reports on City's motion to dismiss Plaintiff's claims

against City (ECF No. 33) and Plaintiff's motion for default judgment against Payne (ECF No.

59), and Plaintiff's fourth motion to amend his complaint (ECF No. 86).

## II.  DISCUSSION

### A.  First Report

In his Second Amended Complaint, Plaintiff raised a claim against defendants City and

Payne alleging that his Fourth Amendment rights had been violated under the color of state law

pursuant to § 1983.  The magistrate judge determined that Plaintiff failed to assert sufficient

factual allegations against defendant City to support a § 1983 claim.[1]  (ECF No. 56 at 8).

Specifically, he found that Plaintiff did not adequately allege that City maintained a policy or

---

[1] In his Order and Report and Recommendation, the magistrate judge noted that despite the fact that Plaintiff's
motion to amend his amended complaint (ECF No. 18) was filed after defendant City's motion to dismiss (ECF No.
33) was filed, the magistrate judge considered City's motion to dismiss as addressing the Plaintiff's Second
Amended Complaint (ECF No. 73) because the changes made in the Second Amended Complaint affected only
defendant Payne.  *See, e.g., Monster Daddy LLC v. Monster Cable Prods., Inc.*, C.A. No. 6:10-1170-HMH, 2010
WL 4853661, at *3 (D.S.C. Nov. 23, 2010); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d
ed. 2011) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended
pleading was introduced while their motion was pending.  If some of the defects raised in their original motion
remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading
[because to] hold otherwise would be to exalt form over substance.").

custom that led to the alleged deprivation of his rights nor did he allege facts demonstrating that the acts of the police officers were the result of such a policy or custom. (ECF No. 56 at 6).

Plaintiff's objections contain a recitation of the arguments contained in his response to City's motion to dismiss rather than specific objections to the magistrate judge's findings. (ECF Nos. 65). However, the court gleans that Plaintiff objects to the magistrate judge's conclusion on two grounds.[2] First, Plaintiff argues that the magistrate judge failed to acknowledge his allegation that he was denied access to defendant City's relevant policy. (ECF No. 65 at 1). Second, Plaintiff argues that City's actions subsequent to the complaint establish the existence of an official policy or custom adequate to overcome City's motion to dismiss. (ECF No. 65 at 1–2).

## 1.

A municipality may be subject to suit under § 1983, *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978), but liability attaches "only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A viable § 1983 *Monell* claim has two elements: (1) the municipality had an unconstitutional policy or custom and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *See, e.g., Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994) (holding that "plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."); *Monell*, 436 U.S. at 694 (holding that plaintiff must prove that "execution of a

---

[2] The court is charged with liberally construing a pleading filed by a pro se litigant and holding such pleading to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). District courts are to be especially solicitous of civil rights plaintiffs. *See, e.g., Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir. 1969).

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."). Thus, to survive a Rule 12 motion for dismissal, a plaintiff's pleadings must identify a specific policy or custom "fairly attributable to the municipality as its own" that caused the alleged Constitutional violation and allege that as a result of deliberate conduct, the municipality was the "moving force" behind the injury. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

"An official policy often refers to 'formal rules or understandings . . . that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time,' and must be contrasted with 'episodic exercises of discretion in the operational details of government.'" *Semple v. City of Moundsville,* 195 F.3d 708, 712 (4th Cir. 1999) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986)). "Outside of such formal decision making channels, a municipal custom may arise if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a 'custom or usage' with force of law.'" *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Monell*, 436 U.S. at 691). A custom "may be attributed to a municipality when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have become customary among its employees." *Spell*, 824 F.2d at 1387.

However, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). A municipality may not be held liable under § 1983 solely because it employs the tortfeasor. *See Bd. of Cty. Comm'rs*, 520 U.S. 397. Accordingly, liability will not "be inferred merely from municipal inaction in the face

of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984). Rather, to be actionable, the municipality's conduct must demonstrate a "deliberate indifference" to the rights of its inhabitants. *Jones v. Wellham*, 104 F.3d 620, 626 (4th Cir. 1997).

**2.**

As noted above, Plaintiff first objects to the dismissal of his complaint against City on the grounds that knowledge of City's official policy was denied to him. (ECF No. 65 at 1). Plaintiff's allegation stems from an email exchange between Plaintiff and Michael Pitts of the Greenville City Attorney's Office ("City Attorney's Office") argued by Plaintiff to demonstrate a denial of access to policy information. (ECF Nos. 65 at 1 and 46 at 2). However, the City Attorney's Office stated that the policies of the Greenville Police Department are public record. (ECF No. 46 at 2). And the court takes judicial notice that City's municipal code is, in fact, public record, available on City's web site. Greenville, S.C., Mun. Code (2016), http://www.greenvillesc.gov/285/Municipal-Code.[3] Therefore, Plaintiff's assertion that his § 1983 claim is valid on the grounds that City denied Plaintiff knowledge of City's relevant policy is without merit. As stated above, plaintiffs seeking to impose municipal liability under § 1983 must plead that an official policy or custom, attributable to the municipality, proximately caused the deprivation of the plaintiff's rights. *See Jordan*, 15 F.3d at 338. In this case, Plaintiff cites to no official City policy. Asserting his own ignorance of City's relevant policy does not equate to pleading (1) that it exists, or (2) that it proximately caused a deprivation of his rights.

---

[3] The Fourth Circuit held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015)); *O'Tolle v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Jeandron v. Bd. of Regents of Univ. Sys. Of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (stating the court may take judicial notice of information on a web site, "so long as the web site's authenticity is not in dispute.").

Thus, Plaintiff fails to satisfy the pleading demands of Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). Moreover, even if Plaintiff were to amend his Complaint a third time to assert, as he suggested in his response, "the existence of a written city policy establishing liability per *Monell*," (ECF No. 46 at 3), it would not amount to more than what *Iqbal* deemed insufficient under Rule 8. *See id.* at 678 (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). [4]    Without detail regarding the "policy" and how City's involvement with such policy caused unconstitutional injury to Plaintiff, Plaintiff's pleadings still would not pass muster.  Rule 8 does not require "detailed factual allegations," however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Plaintiff's second objection asserts that City's actions subsequent to his filing of the complaint establish that the officers' actions were conducted in accordance with an official custom or policy sufficiently to survive City's motion for dismissal. (ECF Nos. 65 at 1–2). Plaintiff appears to be referring to City's report that was issued on July 25, 2016 ("Investigation Report") (ECF No. 46-2), referenced in and attached to his response (ECF No. 46 at 3–4). According to Plaintiff, he is attempting to incorporate the Investigation Report into his complaint.[5]  However, even if the Investigation Report were included and considered, Plaintiff's

---

[4] The court notes that in Plaintiff's response, he stated, "Alternatively, Plaintiff can with leave of the court amend the Complaint to aver the existence of a written city policy establishing liability per *Monell*, if the Court feels this is necessary to allow for attempted discovery of such."  (ECF No. 46 at 3).

[5] Plaintiff has moved to amend his complaint on four occasions (ECF Nos. 18, 38, 49, and 86) and been permitted to amend twice (ECF Nos. 22 and 56), to date.  (ECF No. 65 at 2).  Plaintiff claims in his response that he tried to incorporate the Investigation Report into his complaint but City objected and magistrate judge sustained City's objection.  (ECF No. 46 at 3).  This refers to Plaintiff's second motion to amend his complaint.  (ECF No. 38).  The magistrate judge denied Plaintiff's motion, noting that (1) Plaintiff had not yet responded to City's motion to dismiss and (2) in light of City's pending motion, Plaintiff's proposed amendments would be futile to cure the underlying deficiency in the amended complaint.  (ECF No. 43).  Subsequently, the magistrate judge granted Plaintiff's third motion to amend his complaint.  (ECF No. 56).  However, for unknown reasons, the changes made in Plaintiff's

claim would be dismissed. [6]  According to Plaintiff, following the incident at the yard sale on

April 23, 2016, Plaintiff filed a complaint with City about the behavior of defendant Payne and

Officers A. J. League and J. E. Shelton ("the officers").  (ECF No. 46 at 3).  City investigated the

complaint and sent Plaintiff a report stating its conclusion that the officers had reasonable

suspicion to stop and detain Plaintiff who subsequently consented to a search.  (ECF No. 46-2 at

2).  Accordingly, City took no disciplinary action against them.  *Id.*

Plaintiff's clearest annunciation of his argument regarding the Investigation Report was

in his response to City's motion to dismiss: "The police searched Plaintiff twice without a

warrant or probable cause.  They got away with it.  Their actions are the policy."  (ECF No. 46 at

4).  First, it is well established that a single instance of a police officers' conduct is not sufficient

to establish a municipal policy.  *See, e.g., Pembaur*, 475 U.S. at 480 (Official policy often refers

to "formal rules or understandings . . . that are intended to, and do, establish fixed plans of action

to be followed under similar circumstances consistently and over time.").  Further, municipal

liability only attaches when the decision maker is the municipality's governing body, a municipal

agency, or an official possessing final authority to create official policy.  *See id.* at 481; *Spell*,

824 F.2d at 1387; *Bd. of Comm'rs*, 520 U.S. at 403–04 ("Locating a 'policy' ensures that a

municipality is held liable only for those deprivations resulting from the decisions of its duly

---

second amended complaint did not include incorporation of the Investigation Report as Plaintiff proposed in his
second motion to amend.  (ECF No. 38).  Plaintiff's fourth motion is addressed below.  *See infra* Section C.
[6] Federal Rule of Civil Procedure 12(d) prohibits district courts from considering evidence outside the pleadings
when reviewing motions to dismiss, however, "[w]e may consider documents attached to the complaint as well as
those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State
for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).  "The same standard applies to
documents attached to a plaintiff's response in opposition." *Fisher v. Maryland Dep't of Pub. Safety & Corr. Servs.*,
C.A. No. JFM-10-CV-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010).  A document is "integral" to a
complaint only when its very existence, and not the mere information it contains, gives rise to the legal rights
asserted." *Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014).  For the purposes of this
order, the court will consider the Investigation Report as if it were integral to Plaintiff's liberally construed
complaint.

constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.").

Second, Plaintiff argued in conclusory fashion that City perpetuated a custom or policy that condoned or promoted unconstitutional behavior by failing to discipline the officers after the incident.  (ECF Nos. 65 at 1–2 and 46 at 3–4).  However, the fact that City investigated the situation and concluded that the officers' actions did not merit disciplinary action in no way establishes that City condoned or encouraged the officers' behavior.  *See, e.g., Spell*, 824 F.2d at 1386 ("[E]pisodic exercises of discretion in the operational details of government" do not establish policy).  If the opposite were true, every single investigation into police behavior would result in either discipline or adoption of the behavior as City policy.  Furthermore, aside from the yard sale incident, Plaintiff has alleged no other police behavior or misconduct that would establish the existence of a custom or policy of wrongful behavior.  *See, e.g., Chin v. City of Baltimore*, 241 F. Supp. 2d 546 (D. Md. 2003) (finding in the § 1983 context that an alleged single incident of police misconduct is insufficient for stating a claim based on a government custom or policy).  Thus, Plaintiff has not alleged sufficient facts to state a valid claim that City endorsed a wrongful custom or policy. *See, e.g., Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007) ("[T]he facts alleged 'must be enough to raise a right to relief above speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'"). Furthermore, the allegations in Plaintiff's pleadings do not, without more, suffice to put Defendants on notice as to the specific policy that caused violation of his constitutional rights. *See Wright v. North Carolina,* 787 F.3d 256, 263 (4th Cir. 2015) (Complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."); *Spell*, 824 F.2d

at 1387.  Accordingly, the court accepts the magistrate judge's finding that Plaintiff's pleadings fail to state a plausible claim for relief.

### B.  Second Report

Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(a) against defendant Payne on October 18, 2016, claiming that Payne failed to plead or otherwise defend.  (ECF No. 59).  The magistrate judge determined that Plaintiff's motion is meritless because Payne timely filed and served his answer within twenty-one days pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) and therefore did not fail to plead or otherwise defend.  (ECF No. 63 at 1–2).

In his objections, Plaintiff describes his understanding of the sequence of events and specifically objects to the magistrate judge's statement that Plaintiff was served with Payne's answer on October 12, 2016 (ECF No. 63 at 1–2), claiming that "[i]nsofar as service may be held to include actual delivery, that is not so."  (ECF No. 66 at 2).

However, proper service in civil actions is governed by Federal Rule of Civil Procedure 5, which provides that "service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party by mailing it . . . at the attorney's or party's last known address . . . .  Service by mail is complete upon mailing."  Fed. R. Civ. P. 5(b).  "Because service is complete upon mailing, non-receipt of the [document] does not affect the validity of service."  *U.S. v. Wright*, 238 F.3d 418 (4th Cir. 2000) (unpublished table decision); *see, e.g., In re Eagle Bus. Mfg. Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) ("[T]he question becomes whether the sender properly mailed the notice and not whether the intended recipient received it."); *see also* 4B Charles Alan Wright et al, Federal Practice and Procedure § 1148 (4th ed.) (citing cases holding that service is complete upon mailing regardless of non-receipt).

The burden of showing that service was made is on the serving party.  *See Wright*, 238

F.3d 418; *Rivera v. M/T Fossarina,* 840 F.2d 152, 155 (1st Cir. 1988).  A presumption that a

document was actually mailed attaches to a valid certificate of service.  *Wright*, 238 F.3d 418;

*see* Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 amendment (stating that certificates of

service are required to be on file because they "may be useful for many purposes, including

proof of service if an issue arises concerning the effectiveness of the service"); *Eagle,* 62 F.3d at

735–36 ("To determine if a mailing was accomplished the courts may consider whether the

notice was correctly addressed, whether proper postage was affixed, whether it was properly

mailed, and whether a proper certificate of service was filed."); Wright et al., *supra*, § 1150

(approving of allowing the certificate of service to constitute sufficient proof of service because

that approach "avoid[s] delayed challenges to service and frivolous appeals").

In this case, defendant Payne filed a certificate of service (ECF No. 53 at 10) attached to

his answer on October 12, 2016, verifying that the pleading was mailed to Plaintiff's most recent

address with sufficient postage affixed thus constituting complete service.  Plaintiff produced no

evidence other than the alleged non-receipt of Payne's answer.  As noted above, however, non-

receipt does not affect the validity of service under Federal Rule of Civil Procedure 5(b).

Accordingly, defendant Payne met his burden of proving that he had adequately and timely

served the pleading.  Therefore, Plaintiff's motion for default judgment is without merit.

### C.  Plaintiff's Fourth Motion to Amend Complaint

Federal Rule of Civil Procedure 15 states that "a party may amend its pleading only with

the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Permission to amend is freely given unless

the amendment would be prejudicial to the opposing party, there has been bad faith on the part of

11

the moving party, or the amendment would be futile. *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986); *see, e.g., In re PEC Solutions, Inc. Sec. Litig.,* 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile."); *Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as futile).  An amended complaint that fails to state a claim under Rule 12(b)(6) would be futile, and denial of the motion to amend is appropriate. *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  As noted above, the court construes pro se pleadings liberally.  *Gordon*, 574 F.2d at 1151.  However, a court may not ignore a clear failure to allege facts setting forth a claim cognizable in federal district court.  *Weller v. Department of Social Servs.,* 901 F.2d 387 (4th Cir.1990).

On January 23, 2017, Plaintiff filed a fourth motion to amend his complaint to incorporate recently acquired information.  (ECF No. 86).  In his motion Plaintiff lists five proposed amendments.  The court has reviewed Plaintiff's proposed amendments and finds that, if incorporated into his complaint, Plaintiff would still fail to allege sufficient facts to state a plausible claim against City.  Following from the analysis above,[7] the proposed amendments would not remedy the complaint's failure to adequately allege facts showing, if true, that City held an unconstitutional policy or custom that caused a violation of Plaintiff's rights.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).  Based on the foregoing, the court finds that Plaintiff's fourth motion to amend his complaint would be futile and, accordingly, denies the motion.

---

[7] *See supra* Section A.2.

12

### III. CONCLUSION

After a thorough review of the Reports and the entire record in this case, the court adopts the magistrate judge's First Report (ECF No. 56) and Second Report (ECF No. 63) and incorporates them herein. Accordingly, City's motion to dismiss amended complaint against City (ECF No. 33) is **GRANTED** and Plaintiff's claims against City are hereby **DISMISSED with prejudice.** Further, Plaintiff's motion for default judgment against Payne (ECF No. 59) is **DENIED.** Finally, Plaintiff's fourth motion to amend his complaint (ECF No. 86) is **DENIED as moot**. Accordingly, the case is referred back to the magistrate judge for pretrial proceedings as the case will proceed against defendant Payne.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 26, 2017
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.