IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Gregory T. Christian, | ) | |
|---|---|---|
| | ) | Civil Action No. 6:16-1757-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenville Police Officer K.A. Payne, | ) | |
| Greenville Police Officer Andrew League, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Gregory T. Christian, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 169), issued September 28, 2017, recommending that the court grant the motions for summary judgment filed by defendant Officer K.A. Payne ("Payne") (ECF No. 120) and defendant Officer Andrew League ("League") (ECF No. 123).[1] Also before the court is Plaintiff's motion, filed on October 10, 2017, to supplement his response to defendant Payne's motion with additional evidence. (ECF No. 172). The parties were advised of their right to file objections to the Report. (ECF No. 169 at 13). On October 16, 2017, Plaintiff filed objections. (ECF No. 173).

---

[1] Defendant League filed his motion as a motion to dismiss Plaintiff's third amended complaint or alternatively, a motion for summary judgment. (ECF No. 123). Because League incorporated matters outside of the pleadings in his motion (ECF No. 123-1 at 4), the magistrate judge treated it as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Plaintiff did not object to this. (ECF No. 173). Accordingly, the court agrees with the magistrate judge's analysis and will treat both motions as motions for summary judgment.

1

The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of the portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge summarized the facts of this action in his Report. (ECF No. 169 at 2–5). Briefly, in Plaintiff's third amended complaint, Plaintiff alleges that he was improperly searched by officers of the City of Greenville Police Department in violation of the Fourth Amendment to the United States Constitution after being accused by a property owner, Anna Healy ("Healy"), of stealing a ring at a yard sale. (ECF No. 112). The incident occurred around 10:00 A.M. and lasted approximately 35 minutes. (ECF No. 151-3). Defendant officers arrived at the scene responding to a 911 call placed by Healy stating that a suspect, described as "a white male with gray hair wearing a black leather jacket and blue jeans," had taken a ring from her yard sale. *Id*. As noted above, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 112). In his original complaint, Plaintiff named the City of Greenville ("City") as the only defendant. (ECF No. 1). Subsequently, on July 7, 2016, Plaintiff was permitted to amend his

2

complaint in order to add defendant Payne. (ECF No. 22). On January 26, 2017, the court dismissed Plaintiff's claims against City. (ECF No. 87). On May 1, 2017, Plaintiff's fifth motion to amend was granted in order to permit him to file his third amended complaint and add League as a defendant. (ECF No. 111).

On May 16, 2017, defendant Payne filed a motion for summary judgment. (ECF No. 120). On May 17, 2017, defendant League filed a motion to dismiss or alternatively a motion for summary judgment.[2] (ECF No. 123). On September 28, 2017, the magistrate judge filed a Report recommending that defendants' motions for summary judgment (ECF Nos. 120 and 123) be granted. (ECF No. 169). After the Report was filed, Plaintiff filed a motion to supplement his response to Payne's summary judgment motion with additional evidence, on October 10, 2017. (ECF No. 172). Subsequently, on October 16, 2017, Plaintiff filed objections to the Report. (ECF No. 173). Defendants filed a response in opposition to Plaintiff's motion (ECF No. 175) and to Plaintiff's objections (ECF No. 177). Plaintiff filed a reply to Defendants' response. (ECF No. 178).

## II. DISCUSSION

**A. Plaintiff's Motion to Supplement his Response with Additional Evidence**

Plaintiff filed a motion to supplement his response to Payne's motion for summary judgment with additional evidence on October 10, 2017 (ECF No. 172), twelve days after the magistrate judge filed his Report. In *Tyson v. Ozmint,* No. 6:06-0385-PMD-WMC, 2006 WL 3139682, at *3 (D.S.C. Oct. 31, 2006), this court noted that 28 U.S.C. § 636(b)(1) permitted a district court to receive additional evidence when ruling on objections to a Report and Recommendation. "However, this court is not required to consider any evidence that was not before the magistrate judge." *Tyson,* 2006 WL 3139682, at *3. In *Virgin Enters. Ltd. v. Virgin*

---

[2] Treated as a motion for summary judgment, as noted above.

*Cuts, Inc.,* 149 F. Supp. 2d 220, 223–24 (E.D. Va. 2000), the court explained why the consideration of additional evidence is not favored:

> While there may be cases in which receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they fail to prevail before the magistrate judge on a more abbreviated showing. Finally, routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers.

*Virgin Enters. Ltd.,* 149 F. Supp. 2d at 223–24 (quoting *Morris v. Amalgamated Lithographers of America,* 994 F. Supp. 161, 163 (S.D.N.Y. 1998)).

In this case, both parties have repeatedly referenced and quoted the in-car audio recording of the encounter (ECF Nos. 120-1, 123-1, 151), however, as noted by the magistrate judge, the audio recording was never submitted by any party. (ECF No. 169 at 5). Both parties have access to the audio and neither party objects to the validity of the recording. (ECF No. 172 at 2). Plaintiff alleges that he misunderstood the proper method for incorporation of an audio recording to the record. (ECF No. 172 at 2). In his later reply (ECF No. 178) he refers to and discusses Federal Rule of Civil Procedure 15(a), however, such rule is inapplicable to the present circumstance.

Defendants object to the supplementation of the record at this late juncture and argue that Plaintiff's reason is insufficient, that Plaintiff had numerous earlier opportunities to submit a transcript or the audio itself, that Plaintiff could have requested an extension to respond further to

the summary judgment motions prior to the filing of the Report, and that Defendants would be prejudiced by not having the opportunity to inspect the "professionally prepared transcript" before its filing. (ECF No. 175). Because both parties had access to the audio recording for a significant portion of this litigation,[3] the extremely late filing of the transcript weighs strongly against admission. Moreover, allowing a party to provide additional evidence only after receiving an unfavorable recommendation weighs against judicial economy and fairness. *See Virgin Enters. Ltd.,* 149 F. Supp. 2d at 223–24. Further, without submission of the actual audio, the court has no means of determining the validity of the transcript, which was submitted as a copy with no signed certification by the transcriber. Accordingly, based on the foregoing, and in the interest of fairness to both parties and judicial economy, the court must deny Plaintiff's motion at this time.

B. **Report and Recommendation**

In his Third Amended Complaint, Plaintiff asserts a claim against defendants Payne and League alleging that his Fourth Amendment rights have been violated under the color of state law pursuant to § 1983. The magistrate judge determined that summary judgment is warranted because defendants Payne and League are entitled to qualified immunity. (ECF No. 169 at 9 & 12). Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To determine if qualified immunity applies, a district court must determine whether a plaintiff has alleged the deprivation of an actual constitutional right and whether the particular

---

[3] In a motion for subpoena filed on February 6, 2017, Plaintiff asserted that approximately six-months after he filed his complaint he learned of the in-car audio of the incident, requested a copy, and was given one. (ECF No. 93). Thus, Plaintiff was in possession of the in-car audio for over seven months at the time that the Report was filed.

right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865–66 (2014) (per curiam); *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

Specifically, addressing Plaintiff's allegation that two illegal searches took place, the magistrate judge found that (1) it was reasonable for the officers to believe that criminal activity was afoot and that Plaintiff might be a danger to officer safety so as to justify the "first search," a protective frisk for weapons, and (2) given the totality of the circumstances, the officers could reasonably have believed that Plaintiff voluntarily consented to the "second search." (ECF No. 169 at 12).

Plaintiff's objections largely repeat the arguments contained in his third amended complaint and his responses to Defendants' summary judgment motions.[4] (ECF Nos. 112, 149, 151, & 173). Liberally construing the objections, the court is able to glean three allegations of error in the magistrate judge's Report.

First, Plaintiff argues that the magistrate judge erred in not accounting for ongoing discovery items. (ECF No. 173 at 4–5). However, the magistrate judge ruled previously on Plaintiff's argument regarding ongoing discovery in an order filed June 12, 2017. (ECF No. 147). The magistrate judge found that further discovery should not be permitted pending a ruling on Defendants' dispositive motions. (ECF No. 147 at 3–4). *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (The qualified immunity defense "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery . . . as inquiries of this kind can be peculiarly disruptive of effective government." (internal quotations omitted)); *Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th

---

[4] "The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (citing *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). General objections or restatements of arguments addressed by the magistrate judge are akin to failure to object. *Id.*

6

Cir. 2005) (holding that District Court did not abuse its discretion in refusing discovery until dispositive motions on qualified immunity were ruled on). According to Rule 72(a) of the Federal Rules of Civil Procedure, "A party may serve and file objections to [a nondispositive order of the magistrate judge] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Plaintiff failed to appeal or object to the magistrate judge's order on his discovery motions (ECF No. 147) and consequently waived his right to object. *See Solis v. Malkani,* 638 F.3d 269, 274 (4th Cir. 2011). Therefore, present objections to that order are untimely and do not address a specific portion of the magistrate judge's Report. Accordingly, Plaintiff's objections regarding discovery are meritless and are denied.

Second, Plaintiff spends a large portion of his objections arguing that the magistrate judge erred in finding that Defendants were entitled to qualified immunity regarding the first search, the weapons pat-down, of Plaintiff. In his objections, Plaintiff merely repeats his prior arguments that his hands were not in his pockets, that the claims of the yard sale operators were unsubstantiated, and denying that he was acting aggressive, agitated, belligerent, argumentative, threatening, or loud. (ECF No. 173 at 7–8). These arguments were previously made by Plaintiff in his third amended complaint and his response to defendant Payne's motion for summary judgment. (ECF Nos. 112 and 151). He also repeats factual allegations from his affidavit. (ECF No. 151-1). These arguments were all considered and addressed by the magistrate judge in his Report. (ECF No. 169). Further, in his objections, Plaintiff seems to take issue with the officers' view and description of his behavior. (ECF No. 173 at 8). He contends these descriptions are not "testable" and not supported by articulable facts, and that he "cannot deny an impression." *Id.* at 6. However, reviewing courts assess an officer's judgment "from the perspective of a

7

reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Ryburn v. Huff*, 565 U.S. 469, 477 (2012). As the Fourth Circuit has admonished, "judges should be cautious about second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation." *E.W. by and through T.W. v. Dolgos*, No. 16-1608, 2018 WL 818303 (4th Cir. Feb. 12, 2018) (quoting *Ryburn*, 565 U.S. at 477). Applying the required standard, the court finds Plaintiff's arguments unpersuasive and agrees with the magistrate judge's analysis and conclusion. Accordingly, Plaintiffs objection is overruled.

Third, Plaintiff argues that the magistrate judge erred in finding the officers reasonably believed that the second search was consensual, despite the signed consent form, because Plaintiff's consent resulted from fraud and coercion. (ECF No. 173 at 10). Again, Plaintiff's objection largely reasserts the allegations from his third amended complaint (ECF No. 112) and his responses to Defendants' summary judgment motions which have been addressed by the magistrate judge (ECF Nos. 149 and 151). Plaintiff repeatedly claims that he was told a "falsehood" by the officers that caused him to consent to the search. However, his objection is vague and Plaintiff fails to identify with specificity what "falsehood" he refers to. It appears that Plaintiff is alleging that the Defendants lied when allegedly informing Plaintiff that several people had seen him put the ring in his pocket. First, this allegation was already considered by the magistrate judge in his Report, which concluded that the considering the totality of the circumstances, Defendants' belief that the search was consensual was reasonable. (ECF No. 169 at 9–11). Second, assuming for the sake of this argument that Plaintiff accurately repeated Defendants' statement, Plaintiff has provided the court with no support for his allegation that such a statement was untruthful or a "falsehood." Finally, Plaintiff reasons in his objections that

the statement caused him to consent to be searched because he believed several people claiming to have witnessed a theft would provide probable cause for officers to perform such a search.

In fact, the statement of one witness, such as Healy in the present case,[5] is often sufficient to provide probable cause. *Ferrera v. Hunt*, C.A. No. 0:09-2112, 2012 WL 1044488 at *4 (D.S.C. March 28, 2012) ("[It] is well settled that probable cause can often be established by the statement of a crime victim."); *Torchinsky v. Siwinski,* 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker. Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself."); *Beauchamp v. City of Noblesville, Ind.,* 320 F.3d at 743 ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."). Accordingly, based on the facts of this case (the 911 call and the statement or statements at the scene), the officers could have reasonably believed they had probable cause to arrest Plaintiff. Plaintiff's understanding of the situation was, therefore, correct. Thus, even if the alleged statement was untruthful, Plaintiff was not materially misled.

Whether consent is voluntarily given is judged by the totality of the circumstances. *United States v. Mendenhall*, 446 U.S. 544, 557 (1980). "In viewing the totality of the circumstances, it is appropriate to consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the

---

[5] According to Payne's affidavit, Healy told him at the scene that while she had not actually seen Plaintiff take the ring, he was the only person near the ring when she believed it went missing. (ECF No. 120-2 at 2). Judging by the information in the record, Defendants did not have a reason to be suspicious of Healy or question her statements.

consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)" and "[w]hether the accused knew that he possessed a right to refuse consent . . . ." *U.S. v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (citations omitted).

The incident took place at 10:00 A.M. in broad daylight at a yard sale open to the public. (ECF No. 169 at 11). The encounter with Defendants lasted approximately 35 minutes. *Id*. Defendant Payne provided an affidavit testifying that Plaintiff verbally consented to the search. *Id*. Further, Plaintiff did not contest in his affidavit that he voluntarily began removing his jacket and shoes and put his hands on the trunk of the car, without being asked to do so, indicating his voluntary consent. *Id*. Further, it is undisputed that Defendant Payne presented Plaintiff with a consent to search form notifying Plaintiff in writing of his right to refuse and confirming that Plaintiff was consenting voluntarily without coercion, which Plaintiff signed. *Id*. At the time of the search, Plaintiff was 53 years old and holds a Bachelor of Science in Aerospace Engineering from the University of Florida. (ECF No. 151-6). Plaintiff's affidavit described coercion in the form of an officer gabbing his left arm and telling him that he was standing too close, and Defendant Payne telling Plaintiff that several people saw him put a ring in his pocket. (ECF No. 151-1). Judging by the totality of the circumstances, Defendant officers could have reasonably believed that Plaintiff was aware of his right to refuse, yet voluntarily consented to the search. *See Doctor v. City of Rock Hill*, C.A. No. 0:15-265-JMC-SVH, 2016 WL 4251597, at *3 (D.S.C. July 19, 2016), *report and recommendation adopted by* 2016 WL 4196666 (D.S.C. Aug. 8, 2016) ("Even if Plaintiff did not voluntarily consent to the alleged search, Defendants are entitled to qualified immunity, because they could have reasonably believed that Plaintiff

consented to be searched."). Therefore, Plaintiff's objection is overruled.[6] Accordingly, the court agrees with the magistrate judge and finds that Defendants are entitled to summary judgment.

### III.  CONCLUSION

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 169) and incorporates it herein.  Accordingly, Defendants' motions for summary judgment (ECF Nos. 120 and 123) are **GRANTED**.  Additionally, Plaintiff's motion to supplement his response to defendant Payne's motion with additional evidence (ECF No. 172) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

February 28, 2018<br>
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] In his objections, Plaintiff references and quotes from his provided transcript regarding the second search. (ECF No. 173 at 11).  As stated above, the court denies Plaintiff's motion to supplement the record with this transcript.  However, even if the court were to consider the transcript, Plaintiff's objection would fail.  His objection alleges that language from the defendant officers was coercive and led to his consent to the second search.  *Id*.  However, reviewing Plaintiff's provided transcript, the language in question clearly occurred in the context of the weapon pat-down and not the second, consented search, and regardless, is not inherently coercive.  *Id*.  Accordingly, considering the record before the court, and even considering Plaintiff's transcript, his objection fails.